Thank you. Good morning. Danette Valdez, arguing on behalf of California Attorney General Bill Lockyer and City and County of San Francisco in these consolidated appeals. The issue in these appeals today is very straightforward. And that is, when the AG and the City have alleged one single cause of action to enforce California's Consumer Protection Statute against non-debtors, can the restitution remedy sought for the relief of that cause of action be severed and removed to the Bankruptcy Court? The answer has to be no, because Congress expressly intended for these actions to go forward and not to be removed to Bankruptcy Court, and Section 1452A did not authorize severing the remedy for those causes of action. The reason the answer is no in this case is because the District Court necessarily found, by remanding the Section 7200 causes of action to State Court with civil penalties and injunctive relief, that when the AG and the City are enforcing 17200, it is a law enforcement action that is designed to protect the public. Let me ask you a question, because the restitution part of this, I think, is probably the most difficult part of it. Is the purpose of a restitution claim to seek monetary damages for a past wrong? Under 17200, where it's alleged here as a law enforcement action that only the AG and the City can bring under 17200, which makes it separate and distinct from any private cause of action a plaintiff may bring under that section, the restitution remedy is sought as one of an arsenal of remedies to deter future violations of unlawful business practices. Who gets the $4 billion? Well, that has not been determined. We're still in the liability phase of the State Court action for 17200. Well, what's your theory? It will depend on who the Court determines has interest in the money and to whom it's entitled. Now, there are several ways that the restitution could be returned to those that the Court determines it's entitled, and one way may be for a constructive trust to be established so that that can be administered separately. Or it could go back to the utility, but only for the purpose of the CPUC to send it back to the Court determines otherwise. Well, I guess my question is, since this is the past, this is past money that we're talking about, correct? What public health, safety, or welfare interests do you contend supports your claim for restitution? Well, restitution under the 17200 cause of action in the language of the statute provides that we can seek relief where there has been a violation. And it's clear when there has been a violation, there's a presumption that there's been harm. So when the restitution is sought as part of a 17200 cause of action, it's to deter the conduct from happening again. And here it serves that purpose because the corporation and the directors use their control over the utility, which they also serve as directors for, to transfer money to the corporation for their own benefit. Well, now, but the case that you, I think, someone we got in a 28-J letter, I think it was Marant or something. Yes. Yeah. Now, they were going for divestiture? Well, there were a number of remedies that were initially alleged. But it wasn't exactly the same as this, right? No, it was not. So that's what I'm seeing, how past restitution, how does that prevent future harm? Well, here the restitution is not sought to return the money to the utility. It's sought as a deterrent. And it's a deterrent because it forces the corporation to pay that amount. By doing so, it would deter it from doing it again. If we're only allowed to seek injunctive relief or civil penalties, they may not be reasonably related to the magnitude of the misconduct. So you're sort of talking like punitive damages. Well, they are to punish. Restitution, yes, of course, in a law enforcement action here is to punish as well. But it's more important that it's to deter. And the attorney general and the city have it within their discretion to determine which remedies they think would be appropriate. But when you think of restitution, you don't think of it as punishment per se. You think of restitution as a method or a way of restoring. In the strictest sense, yes. And perhaps in a civil cause of action or where a cause of action for restitution is being alleged, that's not how it was pled here. It was pled as a ---- No, but I think the money that you seek is equivalent to the money that was transferred. Correct? Well, in our complaints, we allege restitution in an amount that the court determines is appropriate. So it may very well be the court may determine it's $5 billion, which is the amount that was transferred, or it could be something smaller than that. I realize you're not to this point in the case, but ---- and I didn't bring your complaint with me today, so I'm sorry that I don't have the reference. But can you refresh me on exactly the form of restitution you sought in your complaint? You've mentioned constructive trust and some others as alternatives. I don't recall seeing that in your complaint. Is that true? The remedy for constructive trust was alleged in the city and county of San Francisco's complaint. Okay. And we allege restitution in an amount that is determined by the court. I see. That's right. But at least at this stage, you don't know to whom you haven't decided to whom the restitution is owed or the amount or ---- is that a fair assessment? That would be clear. I mean, what we do know, the restitution would have to be paid by the corporation, which was the non-debtor, and not by the utility. So that was ---- we know that who is going to pay the restitution. We just don't know what the amount is going to be. And presumably, if you ---- that the governments would ---- various governments would indirectly benefit as consumers from the rest ---- the amounts paid in restitution? That's exactly true, because the holding company conditions in this case were designed to protect the public and to protect the subordinated interests of the utility by the corporation and the directors. And when that happens, it leaves the utility in a financial situation where its obligation to serve the public may be threatened. And that's where the risk to the public comes, as well as to the rate payers. I gather you would agree that if the government were simply seeking restitution, the amounts owed to it as consumers, that that would probably be a pecuniary action and not a police power action. If the money were being requested solely for the benefit of the State? Yes. As a rate payer, as a creditor? Yes, correct. I think that would be a different situation, yes. But here, the State was not a creditor or the City. They were not creditors in the bankruptcy proceedings. The action was against non-debtors, and the money to be paid was not going to be paid by the utility. So there was no threat that there would be ---- the proceeds would somehow be depleted, and the bankruptcy court properly recognized that by remanding the entire 17-200 action along with the remedies. And it further recognized that the law and the circuit recognizes that a pecuniary component to a law enforcement action doesn't abrogate its police and regulatory function as it doesn't here. And it further recognized that sometimes the government needs to secure that pecuniary component in order to protect the public and fulfill its deterrent purpose. And that's what's happening here and why it's part of the cause of action and why it was ---- could not be severed from the law enforcement action under 1452A. And the ---- But assuming for the sake of argument that the money goes back to the utility, that that's the ultimate result of the State court action and the remedy you seek, why would that not be property of the State? Well, it wouldn't be property ---- in that instance, it could be property of the State depending on how the State court determined who the money would go to. But that issue was not before this Court because whether or not the money was property of the State only would ---- you'd only reach that issue if you decided that this was not a police or regulatory action, and therefore you had to decide whether or not this was a cause of action that the bankruptcy court had jurisdiction over under 1334. But there's no need to reach that issue here because the district court necessarily had decided already that when we enforce 17200, it's a law enforcement action. And as a result, it ---- he remanded the causes of action to the State court with civil penalties and injunctive relief, and he couldn't have remanded those remedies without that underlying cause of action. So for those reasons, there was nothing ---- he was not authorized under 1452A to sever a remedy from the police or regulatory action. That's not what ---- But restitution under at least under 17200 under California law is just part of the remedies that are available to the court, is that correct? Well, that is correct. 17200 is unique in that it authorizes private parties to bring the causes of action as well as the AG or any other public official authorized under the statute. But the California law is very clear that when the AG brings the 17200 action, it has a different character altogether, and that emanates from its law enforcement nature, and that makes it different from any other cause of action that any other private party can bring. So whatever the causes of action the debtor might be able to bring against the corporation and the directors, it's not this cause of action. And we question whether or not the debtor would have standing to bring any cause of action because it would essentially have to allege that it harmed itself because it's controlled by the very same people that perpetrated this conduct to take the right pair of funds out of the utility and use it for their benefit. You arguably had a remedy in bankruptcy court in the form of asking the bankruptcy court for permission to file this suit on behalf of the estate. I gather you didn't take ---- you didn't pursue that remedy. No. The bankruptcy court agreed with us that the restitution remedy was part of the police regulatory function and that the estate was not affected. And the bankruptcy has now been completed, and the utility has emerged from bankruptcy. Right. I think, I mean, arguably you could have pursued an independent course of action in bankruptcy, I gather is what I'm saying, and you didn't do that. No, because here the wrongdoers are the corporation and the directors, and they weren't the debtors in the bankruptcy. So there was no need to go to the bankruptcy court to pursue that cause of action. No, but I think typically in bankruptcy when you have a debtor that has committed wrongdoing, which is not uncommon or at least has transferred assets inappropriately and therefore is unlikely in a Chapter 11 to seek retransfer of the assets, then either a creditor or a creditor's committee is given derivative standing with permission of the bankruptcy court to pursue that remedy. So I guess where I was, my question was headed to the point of to the extent that you seek and you are sued to reacquire property of the estate, there was a remedy in bankruptcy court you didn't pursue. There is a remedy for private parties or the debtor or the trustee. In this case, the debtor was the debtor in possession. It could have brought a fraudulent transfer action or some other action as standing in the shoes of the debtor. But here, this is a law enforcement action against the corporation and the directors. And the utility is not the one that's alleged to have done the wrongdoing, but it was merely the conduit or the instrumentality that the defendants used to get to the money. So the action that we have is separate and apart from whatever derivative action the utility might have. And we're bringing it not on behalf of the utility, but on behalf or in the name of the people. And that's we're protecting the public. We're not bringing it on behalf of the debtor. I take your point. But what stage was the bankruptcy when the district court issued its decision? Was it completed or not? There were varying competing plans that may have still been up for confirmation. But under each and every one of those plans, there was never a question that the creditors were going to be paid in full. And there was so there was never a question that our law enforcement action might somehow threaten the administration of the bankruptcy estate. All right. One other thing I just want to add just to the special character of the 17-200 action. Again, because the district court necessarily found it was a police or regulatory action, there was no authorization under 1450A to sever and remove that restitution remedy. And for that reason, it should be sent back with the rest of the 17-200 causes of action. And because the restitution is part of the regulatory action, the AG was entitled to have it as part of his cause of action. And if I have no further questions, I'd like to reserve the remaining time for rebuttal. Certainly. Good morning. May it please the Court. Michael Kessler, and I represent PG&E Corporation and each of its officers and directors who are also appellees in this appeal. I'd like to begin first by addressing one of Your Honor's last questions, and that is whether or not the city and county of San Francisco and the AG had a remedy after Judge Walker determined that the restitution was a cause of action that was property of the estate. And I think you hit it right on the head, Your Honor. Indeed, they did. And it is not an uncommon course of action for a creditor's committee, a creditor or another party in interest to file a motion with the bankruptcy court and ask the court for authority to bring an action against a third party because the action has merit, the debtor is not inclined to do so or has refused to do so. And in this case, they would have made the argument that this debtor should be suing its officers, directors, and parent corporation. It's not likely to do so, and therefore, we would like the authority to do so on behalf of the estate. And I dare say that after Judge Walker reversed Judge Montali, Judge Montali would be – would have been quite inclined to hear such a motion and perhaps grant it. They also had another remedy. Were they required to do that? They were not required to do that. They made a strategic election to put their eggs in the appeal basket. And they decided not to do that, but they could have. They could have kept the action alive. Now, that's the case. But it didn't – their failure to do that or their strategic decision not to take that course of action didn't preclude them from initiating these 17200 lawsuits. No. The 17200 – no, I think we're – we got it in the wrong order. Or even to pursue it as an appeal. They initiated the 17200 action. We removed it to the bankruptcy court. Ultimately, Judge Walker determined that the pecuniary – Well, even before – as I understand Judge Thomas's question, even before the initiated the 17200 case on their own, they could have gone to the bankruptcy court and asked authority from the bankruptcy court to file the action on behalf of the debtor. Yes, they could have done that. They didn't do that. You're right. They didn't do that. So should they have done that or were they required to do that? They weren't required to do that. They brought an action, I'm assuming in good faith, in state court. We removed it. The ultimate determination was that the restitution action was property of the estate and could only be brought by the debtor against its parent. By the district court. The district court. Judge Walker. Not by the bankruptcy court. The bankruptcy judge found that the restitution action was not property of the estate and it was appealed to Judge Walker, and Judge Walker reversed Judge Montali and found that restitution – Right. I understand that. Okay. So at that point, they could have gone back to Judge Montali and they could have said, well, Judge Walker has found that this action is property of the estate. We now want to prosecute this action against the corporation on behalf of the estate because the debtor won't do it. We can't expect this debtor to sue its own parent. But they also had another remedy, which they didn't elect to do. Before you go on from there, at that juncture – well, I guess it brings us to the central question, is the restitution claim property of the estate or not? And if restitution sought for monies owing to the corporation, there's a fairly good argument that it is property of the estate. If restitution is sought by a vehicle of constructive trust to be paid to somebody else, it may not be. So what's your position on that? Well, Your Honor, my position is as follows. The complaints by both parties in several places are arguing that restitution be made to return the money to the utility. Judge Montali and Judge Walker in their decisions both quoted from those portions of the complaint and made definitive rulings that in any event, if there was a success in this claim, the money would flow back to the utility and would stop there. The California Supreme Court in the Pacific Land Research case has said, and followed by Korea Supply and Krauss all cited in our briefs, that the remedy of restitution under 17-200 is to bring back the money to the hands of the party wronged. There is no basis at that point from this litigation for the money to go anyplace else. Now And while you're on that point, if I might interrupt, is it true that under the Chapter 11 plan, there was 100 percent payout to creditors? Yes. So at this point, if the money were given back to the corporation, that would simply be a transfer of assets that would not be distributed to any creditors of bankruptcy, right? Well, that's partially correct, but I don't believe entirely correct. Because in order for this debtor to pay its creditors in full, it had to go to the market and borrow in excess of $8 billion. So had this cause of action proceeded, and were meritorious and successful, and hypothetically the corporation had returned $4 billion to the debtor, presumably they wouldn't have had to borrow that much money to pay its to pay their creditors. But I wanted to make the other point that they failed to take strategically. They filed an objection to the plan of reorganization. The plan of reorganization provided that the utility and its parent would, as one of its terms, would resolve all their disputes and release each other, including all claims that one may have against the other. Now, under bankruptcy law, the debtor had to make an evidentiary presentation at the confirmation hearing to prove to the bankruptcy court that the settlement of these disputes, all disputes, was within what the Supreme Court calls the lowest range of the zone of reasonableness. If the settlement doesn't meet the reasonableness standard, then it cannot be included in a plan of reorganization. The Attorney General and the City and County of San Francisco filed objections to the plan. They did not contest the evidence, and they didn't appeal the confirmation hearing. They could have tried to also keep this claim alive by appealing a confirmation order and saying that the bankruptcy judge erred in finding that it was reasonable to resolve this dispute with the parent. I understand that analysis, but doesn't that go to a defense of race judicata to the State claims now, as opposed to something that would be pivotal in this appeal? Well, of course, our first argument on this appeal, which was in our motion to dismiss, is that there is no right of appeal to the Court of Appeals under Section 452. And I take your point about the confirmation of the plan, but I gather that really at the end of the day it would probably go to a defense to the State law claims if they survive, right? Yes. They would have. It's part and parcel of not asking the bankruptcy court for the authority to prosecute that claim. At the same time, they could have said we don't want to allow the debtor to settle the claim. Yes. You're arguing to the extent that these claims belong to the debtor, they've been settled, and to the extent they belong to the State, they have not. Well, of course, we don't believe they belong to the State. Now, there's a number of points that I would like to make about why this is a pecuniary action. Could you respond to what the appellant said about what the public health, safety, or welfare interest was in supporting recitation? The Pacific Land Research case says that 17200 is a dual-purpose law. It is a law that provides for the ñ it's a consumer protection law for enforcement by the government, but it also has a private right of action component to it. Private citizens can bring actions to recover money. Now, what the Attorney General and the City and County of San Francisco are attempting to do here is two things. They're attempting to say that when they bring a lawsuit, it is per se a police and regulatory action, notwithstanding the fact that the action is primarily pecuniary and only has as its tail some ñ seeking some remedies for fines, injunctive relief, and penalties. The facts in this case are that three years has passed since they filed their lawsuit. They have never sought in the state court to obtain a preliminary injunction on their injunctive action. Judge Cramer in the state court has made a ruling on how the fines would be assessed if indeed fines were determined to be assessable against the corporations, officers, and directors, and the aggregate, the maximum of those fines based on his ruling, will not exceed $100,000. Well, I think it's ñ I guess what I'm struggling with, it's clear that, say, an individual can't go against PG&E or can't go against Enron or whatever, so that there is a police power, you know, something to ñ that the Attorney General can bring the force of all government to stop, you know, the public from being harmed much more effectively than, say, an individual can when you're going against people like PG&E or whatever. But are you just saying this is just collecting past restitution or ñ Well, when the government acts primarily in the nature of a private right of action, they're not acting within their police and regulatory power, but instead they're acting more akin to a private action. Now, I don't think anyone ñ Well, what they're saying, if we do this, then they're going to think twice about doing it. We're protecting the public because they're not going to do this again if they know that something can be done. Well, but the restitution, the nature of recovering restitution has been determined in this circuit in quite a number of cases that we cite in our brief, Dunbar, Poole, Charter First Mortgage, as being actions that are not brought primarily within the police power and have been severed from the police power cause of action and not accepted from the state. The government has repeatedly been stayed from bringing actions against debtors on restitution. How do you distinguish Morant? Do you think that that has any bearing on this at all, or do you think the fact that it's a divestiture makes it completely different? I don't think that Morant relates directly to the issues that are before this Court. I think that the issues that are before this Court focus on or boil down to the root issue is the cause of action primarily for restitution. The fact that they've sought to recover $4.5 billion for the debtor, this is an unusually different case from a typical government action dispute. Normally the government is suing the debtor, and the debtor is saying it's a pecuniary action, you can't sue me. Here the government is bringing a cause of action that is owned by the debtor against a third party to bring money back into the bankruptcy estate. I can't think of anything that is more pecuniary than that. Now, you have to weigh that in part against the other remedies that they're seeking. The fines, the injunctive relief, the penalties. And ask yourself, is this the gravamen of this action to bring $4.5 billion back into this estate, or is the gravamen of this action a police power action to assess fines, to assess penalties, as was done in the cases that are cited in their briefs? Well, they can prove a 17200 claim. I mean, they have to prove the underlying basis for the 17200, that there was unfair business competition. They have to prove that before they get any remedies at all. The court just doesn't go, the superior court is just not going to willy-nilly impose penalties or fines. There's got to be a violation that the superior court finds existed. Sure. And then they get to the question of, well, what's the appropriate remedy? Where was the harm? What harm was caused by the corporation's actions? So also with a fraudulent conveyance action, a shareholder's derivative action, and the many other types of lawsuits that before bankruptcy can be brought by third parties against third parties to collect money. But once that debtor enters into bankruptcy, the bankruptcy law says that those causes of action are property of the estate and only the debtor can bring them. So this 17200 action for restitution fundamentally is no different from a fraudulent conveyance action, a bulk sale. Well, except that you have the attorney general and the city attorney who are bringing these actions, which the California Supreme Court, when you read their cases, recognizes that actions by the AG under 17200 are classic law enforcement actions. The bankruptcy court recognized that, and the district court recognized that, and the district court went off on the whole notion that restitution was just more than a little ancillary remedy that was sought here. I think the way to answer that, Your Honor, is that bankruptcy courts and Federal District Courts are the proper court to determine what is a police power action that is accepted from removal and also is accepted from the automatic stay. The California Supreme Court, by saying that the 17200 action is fundamentally a law enforcement action, doesn't reach the ultimate determination as to whether they are taking a cause of action that is property of the bankruptcy estate. No, it's just that the way they – it's just – well, you're not suggesting that we should totally disregard what the California Supreme Court has said, are you? No, but I'm also suggesting that you not disregard all of the Federal law. No, of course not. I'm not suggesting that they're not bringing this action in their own name and that were this debtor not in bankruptcy under Section 17200 that they didn't have a right to bring it. What I'm suggesting is that the playing field changed when this debtor went into Chapter 11, and we have to look at bankruptcy law to determine whether the State can continue to prosecute the restitution claim. And I'm suggesting to you that all of the cases – Well, see, I don't – you know, you characterize it – what you just said there was they're prosecuting a restitution claim. What they're really prosecuting is a 17200 claim. And then if they prevail on that claim, they then can ask the Court for appropriate remedies, one of which might be restitution. The trial court, the superior court might say that restitution is not warranted  All you're entitled to is just panel fees and – You know, an injunction, and that's it. I think that if that were the rule, that exception would swallow several bankruptcy rules, including what the Ninth Circuit has referred to as the Gruntz Doctrine in the Gruntz case, G-R-U-N-T-Z. What the State and the CCSF are arguing is that if they bring an action against a third party and tack on any type of police or regulatory power relief, whether it's for real, frivolous, minor, or material, that cause of action under no circumstances will be removable to federal court. What will happen in that situation is twofold. First, in the Gruntz case, the Ninth Circuit said it is acceptable for state courts and federal district courts who are not the district in which the bankruptcy sits to make determinations about the extent of the automatic stay and the police power exception. But the bankruptcy court and the federal district court in the district where the bankruptcy case sits is the ultimate determinant of whether the police power action exists or does not exist. Now, if you don't allow the removal of a cause of action in which the argument is made that they are acting outside their police and regulatory power, then you're asking the only option then would be for the state court to make that decision. The parties, the defendant would argue in the state court that the state is violating the automatic stay. But if the debtor, or in this case PG&E Corp., went back to the bankruptcy court and asked the bankruptcy court to make a determination as to whether the automatic stay is being violated by result of the 17-200 action in state court, they would throw up their hands and say you can't sue us in federal court. Of course, obviously, the bankruptcy court, either on the automatic stay, if it's an automatic stay that's at issue or here a removal that's at issue, of course the district court or the federal district court or the bankruptcy court is going to make that determination. You wouldn't be able to if we couldn't remove the action. Well, you can always remove the case. You can always file a notice of removal, which forces somebody's hand to determine whether or not that removal was proper. And that's a determination that is made in this instance by the bankruptcy court or in other, you know, the straight general 1441 removal that's made by the district court. But this, you know, you just file a notice of removal and the case is removed to district court. But if they are right. Presumably, when they do that, you know, it's a good-faith removal. If they are right, what would prohibit the court, the state, from filing an action against a bankrupt in state court to collect a state income tax, which we all know is a pecuniary action and must be brought in the bankruptcy court. But they would tack on to that tax case an action for a penalty for failure to pay taxes timely. And they would argue that that can't be removed because it's a police power action. Well, they would remove it or the other side would remove it to the bankruptcy court. The bankruptcy court would then decide whether or not it meets the task. But if this court argues, if this court makes the decision that the remedies aren't severable and because the penalty action is police power, none of it can be  And if they were right, if they were right in their assertion, the whole thing would go back, including the collection of the tax. Yeah. I have a hard time. I don't know. I'm not speaking for anybody else. I just look at this as a 17200 action. At some point along the way, they have to prove the underlying violations under the substantive law of California. Only at that point does the remedy come into play. They may not be entitled, depending on what the violation is, they may not be entitled to any remedy whatsoever. I mean, a restitution whatsoever. They might only be entitled to an injunction. But it's too late to remove it. I find that the district court said $5 billion is just more than a law enforcement action. This is, you know, pecuniary. Well, it's not only by the amount of money, but on the basis of who would get the money, what is the nature of the action. We don't know that now. But we remove on the basis of pleadings, Your Honor. We don't remove on the basis of the ultimate determination. I also want to make one last point. I believe that they have conceded the severance issue. And the reason is this. When we were moved to the case to bankruptcy court, Judge Montali made the decision that the city and county of San Francisco's actions for conversion and for unjust enrichment were indeed property of the estate and could be removed. He also made the decision that the attorney general's action for violation of the ---- manipulation of the bankruptcy code was an action that was wholly preempted by bankruptcy law and had to be brought in bankruptcy court. The State never appealed the severance of what we call the plan claims, the manipulation of the bankruptcy law. They acknowledged that that could be severed out and kept in the bankruptcy court. The city and county did appeal the carve-out or the severance of the unjust enrichment claim and the conversion claim to Judge Walker. And Judge Walker affirmed Judge Montali on those two actions. He said those are property of the estate and they should stay in the bankruptcy court. And the city and county didn't appeal that to the Ninth Circuit. So they have acknowledged that certain actions can be severed and kept in the bankruptcy  court. What they're arguing here now is, but you can't sever restitution from our other police and regulatory relief. So it's kind of inconsistent to say, well, we acknowledge that some of our remedies could have been severed, but the big one, restitution, we didn't like. Well, let me ask you, is the cause of action for conversion, is that a remedy or is that a harm, you know, a violation of a primary right? Well, I think it's a cause of action which, if successful, would provide a remedy. I mean, I think that they What's a typical remedy for conversion? To bring back the converted property. Well, or damages, right? Or damages. But the point, and very quickly, I know my time is up, the point is that we believe that the restitution action is fundamentally pecuniary, primarily pecuniary within the many cases of the Ninth Circuit have so held that the State can't bring those actions. Roberts. Thank you, counsel. Thank you. Just a couple of brief points. Counsel has not still addressed the main issue in this appeal, and that is, can the restitution remedy be severed from a police or regulatory action? It can't be. And what happened in the bankruptcy court, as Justice Payas pointed out, those were causes of action. Those weren't remedies. So there was no concession there that a remedy could be severed. In addition to the extent, though, to the extent that the we're in a peculiar situation where you probably have an independent cause of action from the debtor, a legitimate one that is distinct under 17-200. The overlap may be in the remedy sought in terms of restitution. Is there an argument to be made that restitution goes back to the State court, but you cannot pursue the remedy of restitution insofar as it overlapped the remedies available to the debtor under 17-200 for restitution? No, and here's why. Because whatever cause of action the debtor had that he would, that the debtor would seek the restitution for, it has released that claim to the corporation and the directors. Right. Because it has, it highlights that what are these, why are these arguments of property of the estate or the exclusive right of the debtors being argued for? Because the debtor never intended to bring these causes of action against the corporation because it's controlled by the same directors. No, but that's, but that's, that gets back to my initial point, is that if, if a creditor or an interested party thinks that's the case in a bankruptcy, they have a remedy to ask the bankruptcy court to pursue them to bring the money back into the bankruptcy estate. But, but none of the creditors did. Exactly. And presumably. So, I mean, the fact is that those claims are extinguished, but that, but, which may be right or wrong. But if, if there is a concomitant remedy that belongs to the debtor under 17-200, that claim is extinguished now. The question is, is do you have a distinct remedy from that? A distinct, excuse me? A distinct remedy, you have a distinct cause of action. I don't think there's any question about that. But do you have under that cause of action the right to a distinct remedy of restitution that, that the debtor also would have had? The answer has to be yes if the statute under 17-200, under 17-203, authorizes a multitude of remedies, one of which is restitution. And although counsel cited to the Crouse and the Creosupply cases, those decisions made very clear that what they were talking about in remedies in those cases was not when it was brought by the AG or another public official authorized under 17-200. So they recognized restitution sought by the AG in a law enforcement action is much different than restitution sought by any private plaintiff under 17-200. Now, let me put it this way. I assume, I mean, although the character of the cause of action is different, the elements of proof are substantially the same, right? Yes, they are, except the remedies, of course, are different. We can seek civil penalties. A private plaintiff cannot. So let's assume for the sake of argument that the debtor or somebody on the debtor's behalf had filed a 17-200 action in the bankruptcy and had lost, that there was a res judicata as, or at least there was a finding of, in favor of the holding company on all material issues. Do you believe that would collaterally stop you? I think it would depend on what the findings were for not finding a violation. But because the AG and the city would have a separate and distinct cause of action as to what they argue in their law enforcement action, that it would not necessarily include whatever a private plaintiff, including the debtor, may allege as their 17-200 cause of action. What elements of proof would be different? Well, there would have to be that there was an unlawful, unfair, or fraudulent act or business practice. So it would depend on what the debtor would allege those acts or business practices were. And that would be a difference. I guess my hypothetical, I'm sorry, I guess my hypothetical presumed that we were talking about an identical action to yours with the identical offers of proof and resolved adversely to you, but brought in the name of the debtor in the bankruptcy. I think you would probably be collaterally stopped in state court, wouldn't you? Again, I think it would just depend on not knowing what the allegations of the complaint would be. And the problem that I have is that it's questionable whether the debtor would have the outstanding to bring a 17-200, because it would be an equity claim or it's a claim in equity. There would be a question of does the debtor come with clean hands. No, I think what I said was somebody on behalf of the debtor as well. But if that is true, then the release in bankruptcy would have the same effect. Correct? The only reason it would not is because the bankruptcy court recognized that the debtor was arguing that it had causes of action of its own that it could bring against the corporation and that it was going to release them in the bankruptcy proceedings. But you objected to the release, correct? Correct. We did, both the AG and the city. And the bankruptcy court put language that we described as a carve-out and said this release does not affect the 17-200 actions brought by the AG and the city. So those can go forward. And all that the only issue is whether or not the restitution remedy is part of it. Right. And one other point about counsel argued that the decisions in Inouye Pool and Inouye Dunbar were authority for severing the restitution remedy. Those don't apply here. Those were 362 cases. 1452a does not allow a remedy to be severed and removed. And those authorities are certainly questionable after this circuit's decision in universal life and the BAP decision in First Alliance. So those are not authorities the district court could have relied on, particularly in this case. Yes. With respect to the restitution, the district court said, you know, this is $4 or $5 billion. I can't remember. I think he used $5 billion. I don't know where he got $5 billion. I thought it was $4 billion. But he said $5 billion, I think. Or maybe it was $5 million in penalties or something. A lot of money, though. The district court said, this isn't a classic 17-200 case. This is really just nothing more than a claim for restitution, a private claim to, you know, adjudication of private rights to recover this $4 billion. This is like this overwhelms. This is just a restitution action masquerading as a 17-200, and it should be viewed that way. And therefore, it should be, you know, therefore, it was incorrectly remanded to the district court. To the state court. The district court failed to recognize that this circuit has rejected that kind of over-literal approach to the pecuniary component of the two tests that applies in 362 cases. The district recognized that in Ray Berg and Universal Life and Continental Hagen, that the fact that a third party may actually benefit from any monetary award doesn't take away its deterrent aspect. And that's essentially what we have here, where the AG and the city are not trying to step in the shoes of the debtor or to recover the money for the utility. They're trying to deter the conduct from happening again. And where the appellees have control over the utility, now that it's out of bankruptcy, that need for deterrence is ever more present. Counsel also mentioned that there was $8 billion that was borrowed so that the creditors could be paid in full, but he failed to mention that the ratepayers are going to carry that burden as well. And he also mentioned that the ratepayers are the public they would be included. Doesn't that the job of the Utilities Commission? The CPC, yes, protects the ratepayers, but our action is in the name of the people. And the holding company conditions that we allege were violated in our law enforcement action were intended to protect the public. And so it's a much broader group. So they're consistent. But, of course, the ratepayers are included as part of the public. The State court tentative – it's a tentative decision that was issued in the State court, and it was not based on any factual or evidentiary presentation. And the district – the State court has, in fact, limited our areas of discovery by dividing them into chunks and making us proceed with one area first before we can get to the rest. So it's taking a while. But the decision is not – is not final, and there was a presumption. It was based on Judge Walker's decision. So whether or not that decision will stand is not before this Court. So, again, getting back to the issue in this appeal, the only question is, could the restitution remedy be severed from the police or regulatory actions? And the answer has to be no, where Congress has expressed that the actions go forward. And the reason for that rule applies here just as well, and that is we don't want bankruptcy courts to be the haven for wrongdoers. And that's the only reason the arguments about property of the estate or rights of the debtor are being made here, because we know the debtor never intended to bring any action, and it didn't. It actually released any cause of action. And the reason for the rule is that so creditors don't race to get their judgments collected. That's not what's happening here either. The AG and the city are not creditors. The creditors were never at risk of receiving less than 100 percent payment on their claims. So for those reasons, we submit that the district court should be reversed and the restitution remedy remanded back to the state court with the 17200 causes of action. Thank you, counsel. I want to thank all of you for your very good briefing and presentations, and I know that there are a lot of other issues in the case, and they're well briefed. And I appreciate you concentrating on some of the key issues that required further elaboration today. Thank you very much. The case is heard and will be submitted to me in recess. Thank you. Thank you. Thank you.
judges: Thomas, Paez, Callahan